**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MARYLAND**

DRAIN M. SHORT, #09970-007                    :

     Petitioner                    :

        v.                    :                    Civil Action No. AW-07-1134

LISA HOLLINGSWORTH, Warden                    :

     Respondent                    :
                          o0o

## MEMORANDUM

Pending is a pro se § 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Drain M. Short ("Short"), an inmate at the Federal Correctional Institution- Cumberland. Counsel for respondent has filed an answer requesting dismissal for failure to exhaust administrative remedies. Upon review of the pleadings, exhibits, and applicable law, the Court determines that a hearing is unnecessary. The petition will be dismissed without prejudice for failure to exhaust administrative remedies.

### Background

Short pleaded guilty to charges of bank fraud in violation of 18 U.S.C. § 1344 and use and possession of means of identification of another during and in relation to a felony offense in violation of 18 U.S.C. § 1028A. On February 9, 2007, this Court sentenced him to an aggregate of 48 months incarceration. Short's statutory release date with good conduct time is February 21, 2009.

Short's appeal of his conviction is currently before the United States Court of Appeals for the Fourth Circuit. *See United States v. Short*, CA4 #: 07-4749. On May 11, 2007, Short filed a

Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 which is under review in

this Court.  *See Short v. United States*, Civil Action No. AW-07-1241.

Short filed the instant §2241 petition on May 2, 2007.  He claims that the Bureau of Prisons

(BOP) has improperly calculated his sentence, improperly assessed restitution, and improperly set

forth the terms of his supervised release.  Additionally, Short challenges the detainers lodged against

him by Maryland and Virginia.  Short has not filed any Administrative Remedy requests to resolve

the complaints raised in this petition. Resp. Ex. Decl. of Richard Meir.

### Exhaustion of Remedies

Exhaustion of  administrative remedies is a prerequisite to bringing a §2241 action.  *See*

*Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987). [1]  The BOP has established an Administrative

Remedy Program for inmates to resolve concerns related to their confinement. *See* 28 C.F.R.

§ 542.10 *et seq.*  An inmate may first attempt informal resolution.  If an inmate is unable to resolve

his complaint informally, he may file a formal written complaint on the proper form within twenty

calendar days of the date of the occurrence on which the complaint is based.  *See* 28 C.F.R. §542.14.

If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal,

using the appropriate form, to the Regional Director within twenty calendar days of the Warden's

response. *See* 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional

---

[1] *See e.g.  Asare v. U.S. Parole Commission*, 2 F. 3d 540, 544 (4th Cir. 1993); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *McClung v. Shearin*, 90 Fed. Appx. 444 (4th Cir. 2004); *Miller v. Clark,*  958 F. 2d 368 (4th Cir. 1992) (table).  The purpose of the exhaustion requirement is to provide a possible solution to the inmate's claim, thereby obviating the need for litigation.

Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. *See* 28 C.F.R. §542.15(a).  Short  has yet to exhaust his claims through the administrative process. Accordingly, the petition will be dismissed without prejudice.

Date: October 2, 2007

                                  _____/s/_____
                                            Alexander W. Williams, Jr.
                                            United States District Judge